## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ARRON ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 0:21-cv-61919-RS |
| | ) | |
| UNITED STATES OF AMERICA; | ) | |
| CHRIS MCCONNELL, WARDEN, FCI | ) | |
| POLLOCK, | ) | |
| | ) | |
| Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## **AMENDED COMPLAINT**

COMES NOW the Plaintiff, Arron Adams ("Mr. Adams" or the "Plaintiff"), by and through his undersigned counsel, and sues the Defendants, the United States of America (the "Bureau of Prisons") and Warden Chris McConnell (the "Warden"), and alleges as follows:

### **Introduction and Summary**

1. "No tyranny can have a severer effect than that which is exercised under the appearance of laws, and with the plausible colours of justice[.]" Baron de Montesquieu, *Considerations on the Causes of the Grandeur and Declension of the Roman Empire*, Ch. XIV (1721).

2. Arron Adams is an inmate, recently released on ankle monitor on "Good Conduct Time Release," who was incarcerated at, *inter alia*, Federal Correctional Institution Pollock ("FCI Pollock"), an institution operated by the Federal Bureau of Prisons in Pollock, Louisiana.

3. Mr. Adams maintains his innocence, and to that end believes he was wrongfully convicted in 2010, although the propriety of his conviction is not the substance of this lawsuit.[1] Mr. Adams now suffers from physical ailments and mental illnesses such as post-traumatic stress disorder ("PTSD"), anxiety and depression, all of which were not present prior to, and caused by, his incarceration, and even now, having been released, continues to await surgery to remedy ailments and receive ongoing treatment for these conditions, all of which ailments and conditions

---

[1] Mr. Adams does not waive any rights he may have to bring a claim for wrongful conviction.

resulted from the constitutional violations of the Warden and the negligence of the Bureau of Prisons.

4. Sadly, violations like these are commonplace at FCI Pollock and other Federal Correctional Institutions. The Federal Bureau of Prisons' tyrannical framework, in which it plays judge, jury and executioner, regularly subjects our most disenfranchised neighbors to whom it pays minimal attention, including Mr. Adams who brings these issues to bear by this suit to recover for injuries suffered intra-incarceration to the type of unlawful conduct complained of herein.

## Jurisdiction and Venue

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 2201.

6. This Court further has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b), as this is, *inter alia*, a claim against the United States, for money damages, accruing after January 1, 1945, for personal injuries caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

7. Jurisdiction founded upon the federal law is proper in that this action is premised, *inter alia*, upon federal causes of action under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671, *et seq.*

8. Pursuant to the FTCA, Plaintiff presented the following Federal Tort Claims to the appropriate federal agency within two (2) years of accrual: TRT-SCR-2020-05656, TRT-SCR-2020-06284, TRT-SCR-2020-06249, TRT SCR-2020-00620 and TRT-SCR-2021-00621. Further, this action was filed within six months of the running of the six month period after the Plaintiff presented his amended claim to the appropriate agency. *See* Exhibit 1 (providing Apr. 5, 2021 amendment of claims).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1402(b), as this is, *inter alia*, a civil action on a tort claim against the United States under 28 U.S.C. § 1346(b) and Mr. Adams resides in this District.

## Parties

10. Mr. Adams is an adult resident of Broward County, Florida, who was recently incarcerated at FCI Pollock and is currently sentenced to electronic monitoring under Register Number 91471-004.

11. The Federal Bureau of Prisons is a federal law enforcement agency subdivision of the United States Department of Justice and is responsible for the administration of federal prisons, including FCI Pollock.

12. The Warden is the warden at FCI Pollock.

**Facts**

A. **The Plaintiff's Indictment, Arrest, Plea of Not Guilty, Sentence of Imprisonment and Appeal.**

13. On December 8, 2010, a federal jury sitting in the Southern District of Florida returned an indictment charging the Plaintiff with three (3) counts of bank robbery in violation of 18 U.S.C. § 2113(a), and one (1) county of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. *See* Indictment, *United States of America v. Arron Adams* 0:10-cr-60165-JIC-1 (S.D. Fla. December 8, 2010).

14. Although Mr. Adams was sentenced to 180 months of imprisonment, Mr. Adams pled not guilty and maintains his innocence to this day. As aforementioned, he was released early and ultimately served 133 months.

15. On August 15, 2012, the United States Court of Appeals for the Eleventh Circuit affirmed Mr. Adams' judgment and sentence.

B. **Mr. Adams' Incarceration at Several Federal Correctional Institutions.**

16. Subsequent to his conviction, Mr. Adams was transferred from the Broward County Jail to Miami FDC. Then, he was confined at Beaumont, Texas, after which he was confined at Federal Correctional Institution Coleman in Coleman, Florida and FCI Pollock before ultimately being transferred to Federal Correctional Institution Jessup in Jessup, Georgia, from which he was released early as aforementioned.

17. BoP's placement of Mr. Adams at FCI Pollock – which is over one thousand (1,000) miles from Broward County, Florida – is contrary to its policy, which dictates that an inmate shall generally be placed at a facility within 500 miles of their home.

18. From approximately 2018 through 2020, FCI Pollock failed to adequately maintain its plumbing such that sewage waste would flood the cells of Mr. Adams and other inmates.

3

19.     The staff of FCI Pollock, at the express direction of the Warden, told inmates, including the Plaintiff, to clean up the waste themselves or remain confined in the sewage infested cells.

20.     FCI Pollock did not provide Mr. Adams and at least some of these other inmates with sanitary protective equipment such as gloves and masks.

21.     Thus, Mr. Adams and at least some of these other inmates were forced to be subjected to the conditions of cleaning their sewage infested cells barehanded or otherwise live in sewage while they served their terms of incarceration.

22.     Mr. Adams suffered from infections in his fingers caused, and exacerbated, by the barehanded cleaning of feces, urine, and other contaminants that flooded into his cell.

23.     Although medical staff of FCI Pollock told Mr. Adams that his infections required specific medication, Mr. Adams did not receive adequate treatment because the medication he needed was too expensive.

24.     Mr. Adams experiences constant pain, swelling and deformation in his hands and fingers. Mr. Adams has lost mobility and practical utility of his fingers (such as bending and gripping) due to his sustained infections.

25.     Mr. Adams, on June 24, 2020, lodged Federal Tort Claim TRT-SCR-2020-05656 relative to this incident. *See* Exhibit 2.

**C.      Mr. Adams Filed Five (5) Amended Administrative Tort Claims and, More Than Six (6) Months After the Bureau of Prisons Received the Amended Claims, the Bureau of Prisons Responded Only to Two (2) of the Amended Claims.**

26.     Mr. Adams filed five (5) Administrative Tort Claims during his incarceration: TRT-SCR-2020-05656, TRT-SCR-2020-06284, TRT-SCR-2020-06249, TRT-SCR-2021-00620, and TRT-SCR-2021-00621 (the "Administrative Tort Claims").

27.     On April 5, 2021, Mr. Adams sent a letter to Mr. Jason Sickler via Certified Mail, # 7020 1290 0000 6839 3862, amending the Administrative Tort Claims (the "Amendment"). *See* **Exhibit 1**.

28.     The Legal Department of the Bureau of Prisons received the Amendment on April 5, 2021, as indicated by a stamp on the Amendment that reads "RECEIVED APR 05 2021 BUREAU OF PRISONS LEGAL DEPARTMENT, SCRO." *Id.* at 1.

29.     On November 16, 2021, Mr. Sickler sent a letter to Mr. Chasin via Certified Mail, # 7018 1830 0001 9497 4178, denying Mr. Adam's Administrative Tort Claim TRT-SCR-2021-00620. *See* **Exhibit 2.**

30.     On November 18, 2021, Mr. Sickler sent a letter to Mr. Chasin via Certified Mail, # 7018 1830 0001 9497 4185, denying Mr. Adam's Administrative Tort Claim TRT-SCR-2020-06249. *See* **Exhibit 3.**

31.     Thus, because six (6) months elapsed between the Bureau of Prisons' receipt of the Amendment and Mr. Chasin's receipt of Mr. Sickler's letters, Mr. Adams has satisfied all conditions precedent to filing this action, including exhausting all existing administrative remedies. *See* 28 U.S.C. § 2675(a).

## FIRST CLAIM FOR RELIEF
### *Bivens*; Deliberately Degrading Punishment in Violation of Eighth Amendment Rights
### Plaintiff v. the Warden

32.     Paragraphs one (1) through thirty-one (31) *supra* are hereby realleged and incorporated by reference to this First Claim for Relief.

33.     This First Claim for Relief is a *Bivens* claim against the Warden.

34.     This First Claim for Relief concerns Mr. Adams' claims detailed in TRT-SCR-2020-05656. *See* Exhibit 1.

35.     Mr. Adams has constitutionally protected rights under the Eighth Amendment to the United States Constitution.

36.     The Warden, acting under color of federal authority, violated the Plaintiff's Eighth Amendment rights when Mr. Adams was instructed to remove sewage waste from, and clean, his cell with his bare hands, or otherwise be forced to live out his term of imprisonment subjected to further punishment of living in sewage.

37.     Mr. Adams' available statutory cause of action alone does not provide meaningful remedy.

38.     An appropriate remedy, namely damages, can be imposed.

39.     The Warden is liable to the Plaintiff for his violations of the Plaintiff's Eighth Amendment rights.

## REQUESTED RELIEF

WHEREFORE the Plaintiff respectfully requests that this Honorable Court:

A.    rule that the Eighth Amendment protects the rights of incarcerated individuals from being subjected to deliberately degrading punishment, specifically from being forced to clean sewage waste with bare hands and without sanitary protective equipment for no legitimate law enforcement purpose, or otherwise to serve their term of imprisonment subjected to further punishment of living in sewage;

B.    enter judgment awarding the Plaintiff compensatory damages against the Warden in an amount appropriate to the evidence adduced at trial;

C.    enter judgment awarding the Plaintiff punitive or exemplary damages against the Warden in an amount appropriate to the evidence adduced at trial;

D.    enter judgment awarding the Plaintiff his costs and reasonable attorneys' fees in this action; and

E.    grant the Plaintiff such other and further relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF
### Negligence against the Bureau of Prisons

40.    Paragraphs one (1) through thirty-three (33) *supra* are hereby realleged and incorporated by reference to this Second Claim for Relief.

41.    This Second Claim for Relief concerns the Plaintiff's claims detailed in TRT-SCR-2020-05656. *See* Exhibit 1.

42.    The Plaintiff sustained infectious injury when he was forced to clean his sewage infested cell with his bare hands and without sanitary protective equipment, or otherwise reside in a sewage infested cell.

43.    At all times material hereto, the Bureau of Prisons acted negligently and wrongfully in failing to coordinate and effectuate adequate sewage in the Plaintiff's cell and otherwise in the prison, including in failing to maintain sewage and/or retain and supervise third party experts to fix the sewage issue and adequately maintain sewage if the Bureau of Prisons internally could not do so, which it did not do.

44.    The Bureau of Prisons further acted negligently and wrongfully in failing to provide the Plaintiff adequate protective gear, knowing that the Plaintiff would be cleaning the sewage due to the negligence detailed *supra* in paragraph 44.

45.     At all times material hereto, the Bureau of Prisons had a duty of care to provide Mr. Adams with suitable quarters, safekeeping, care and subsistence.

46.     At all times material hereto, the Bureau of Prisons breached its duty of care to Mr. Adams in failing to properly maintain its plumbing, causing sewage backup to flood into Mr. Adams cell, and then, as pled above in this Count II, by failing to retain and effectuate proper sewage repair and maintenance, and further by failing to provide the Plaintiff with adequate protective equipment knowing he would be cleaning it considering the ultimatum to clean it himself or live in the sewage.

47.     The Bureau of Prisons' negligence described *supra* in paragraphs 43, 44 and 46 proximately caused the injury and damage that Mr. Adams complains of herein.

### REQUESTED RELIEF

WHEREFORE Mr. Adams respectfully requests that this Honorable Court:

A.     enter judgment awarding Mr. Adams compensatory damages against the Bureau of Prisons in an amount appropriate to the evidence adduced at trial;

B.     enter judgment awarding Mr. Adams punitive or exemplary damages against the Bureau of Prisons in an amount appropriate to the evidence adduced at trial;

C.     enter judgment awarding Mr. Adams his costs and reasonable attorneys' fees in this action; and

D.     grant Mr. Adams such other and further relief as the Court may deem just and proper.

### Jury Demand

Mr. Adams hereby demands a trial by jury of all claims so triable.


[ATTORNEY SUBMISSION ON FOLLOWING PAGE]

7

Respectfully submitted,

**/s/ Jonathan Noah Schwartz**
Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
JONATHAN SCHWARTZ LAW PLLC
169 E. Flagler Street, Suite 700
Miami, Florida 33131
Tel.: (973) 936-2176
E-mail: jschwartz@jonschwartzlaw.com

KEITH CHASIN, ESQ.
Florida Bar No. 350087
KEITH CHASIN P.A.
2828 Coral Way, Suite 540
Miami, Florida 33145
Tel.: (305) 670-1833
E-mail: kchasin@chasinlaw.com

*Attorneys for the Plaintiff*,
 Mr. Arron Adams

Dated: October 3, 2022.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served upon all counsel of record via the

CM/ECF Portal on this October 3, 2022.

/s/ Jonathan N. Schwartz, Esq.

8