UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-61919-CIV-SMITH

ARRON ADAMS,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.
_____/

### ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

This matter is before the Court upon Defendant, United States of America's Motion to Dismiss Plaintiff's Amended Complaint ("Motion") [DE 29], Plaintiff's Response [DE 30], and Defendant's Reply [DE 31]. In his Amended Complaint, Plaintiff brings two claims for relief against Defendant Chris McConnell, Warden, Federal Corrections Institution ("FCI"), Pollock, and against Defendant United States of America. In Count 1, Plaintiff sues Chris McConnell, in his capacity as Warden, alleging a *Bivens* claim in violation of the Eighth Amendment. In Count II, Plaintiff sues under the Federal Tort Claims Act alleging negligence against the United States of America ("Defendant") for failure to properly maintain plumbing infrastructure at a federal correctional institution. For the reasons that follow, the Motion is granted.[1]

---

[1] Defendant's Motion addresses Count II of the Complaint only. By separate order, the Court dismissed Count I of the Complaint for Plaintiff's failure to serve Defendant Chris McConnell timely, in contravention of this Court's prior Order to Show Cause [DE 38] and prior Order on Plaintiff's Response to Order to Show Cause [DE 42].

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was confined at FCI Pollock, at various times, including from July 2016 through December 2020. FCI Pollock is a Federal Correctional Institution in Louisiana and is operated by the Federal Bureau of Prisons ("BOP"). Plaintiff completed his sentence and was released from federal custody on March 21, 2022.

Plaintiff filed his initial Complaint on September 10, 2021 [DE 1]. Following dismissal of the Complaint, Plaintiff filed an Amended Complaint on October 3, 2022 [DE 28]. In the only remaining claim against Defendant, Plaintiff alleges that BOP failed to properly maintain the plumbing at FCI Pollock, and in so doing, required Plaintiff to clean up sewage barehanded, without the protection of gloves. Plaintiff further alleges that handling the raw sewage ungloved caused him to develop infections.

Plaintiff claims that from 2018 through 2020, FCI Pollock failed to adequately maintain its plumbing such that sewage flooded his cell. (Am. Compl ¶ 43.) Plaintiff provides no factual basis for these allegations. (*See* Am. Compl.) Plaintiff's Amended Complaint is replete with conclusory statements that merely convey that the plumbing was negligently maintained. Plaintiff does not allege when the flooding occurred. The sum of his allegations is that that BOP failed to "coordinate and effectuate adequate sewage in the Plaintiff's cell and otherwise in the prison, including in failing to maintain sewage and/or retain and supervise third party experts to fix the sewage issue and adequately maintain sewage if the Bureau of Prisons internally could not do so, which it did not do." (*Id.*)

## II. FEDERAL RULE CIVIL PROCEDURE 12(b)(1) STANDARD

Rule 12(b)(1) provides for dismissal of an action if the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When reviewing a motion to dismiss for lack of subject-

matter jurisdiction, the Court construes the allegations of the complaint in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974); *Cole v. United States*, 755 F.2d 873, 878 (11th Cir. 1985).

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citation omitted). A facial attack on the complaint challenges jurisdiction based on the allegations in the complaint including its attachments. *See id.* When evaluating a facial attack, the court needs only look to see whether the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction and the allegations are taken as true for the purposes of the motion. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

Alternatively, a factual attack, "challenges 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id.* (internal citation omitted). In deciding a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (internal citation omitted).

## III.   DISCUSSION

Defendant moves to dismiss the Amended Complaint on two grounds. First, Defendant argues that Plaintiff's negligence claim fails to state a claim for which relief can be granted. Second, Defendant raises a factual attack on subject matter jurisdiction. Defendant argues that the Amended Complaint should be dismissed because Plaintiff failed to exhaust administrative remedies before filing suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675.

3

If Plaintiff failed to exhaust administrative remedies before filing suit, the Court has no jurisdiction over the action.  28 U.S.C. § 2675(a).  Because Plaintiff failed to exhaust administrative remedies before filing suit, the Court lacks subject matter jurisdiction.

To bring a tort claim against the United States, it must first be presented in writing to the relevant federal agency within two years of when the claim first accrues. or the claim will be barred.  28 U.S.C. § 2401(b).  If the agency denies the claim, the agency must include in the notice communicating its decision that if claimant is dissatisfied, claimant may file suit within six months. 28 C.F.R. § 14.9(a).

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a). "This requirement is jurisdictional, and failure to exhaust administrative remedies prevents judicial review of a tort claim against the United States." *Scarbrough v. Astrue*, 327 F. App'x 827, 828-29 (11th Cir. 2009).  Defendant moves for dismissal of the Amended Complaint on grounds that Plaintiff's suit is barred because he filed suit on a claim never administratively presented to BOP.

Plaintiff filed a total of five Administrative Tort Claims during his incarceration: 1) TRT-SCR-2020-056-056 filed on June 24, 2020; 2) TRT-SCR-2020-06284 filed on June 1, 2020; 3) TRT-SCR-2020-06249 filed on July 23, 2020; 4) TRT-SCR-2021-00620 filed on July 27, 2020; and 5) TRT-SCR-2021-00621 filed on August 5, 2020.  Plaintiff's first Administrative Claim

4

alleged physical injury to his left hand.  Plaintiff stated that he contracted an ongoing infection in his left hand which was not healing. Plaintiff claimed that he was not receiving the prescribed medication due to its expense.  Only the first Administrative Claim is relevant.  The remaining Administrative Claims are unrelated to the alleged sewage problems.

By correspondence dated March 26, 2021, Defendant officially denied Plaintiff's first Administrative Claim ("denial letter").  The denial letter states that Defendant investigated Plaintiff's claim that he was denied medication and proper medical treatment for the infection in the fingers on his left hand.  The letter further states that Defendant reviewed Plaintiff's medical records, determined that Plaintiff had received appropriate medical care, and "denied" Plaintiff's claim.  (Denial Letter [DE 29-1] at 90.)  Nothing in Plaintiff's First Administrative Claim or the denial letter indicate that either party raised the issue of the Defendant's purported negligent maintenance of plumbing.  By correspondence dated April 5, 2021, Plaintiff acknowledged receipt of Defendant's denial letter and sought to amend all his Administrative Claims.

In its prior Order [DE 25 at 8] granting Defendant's motion to dismiss the original Complaint, and in the absence of a copy of the denial letter, this Court declined to find that Defendant's denial letter was a final agency action on Plaintiff's first Administrative Claim. Instead, because the Court is required at the pleading stage of the inquiry to accept all well-pled facts in the Complaint as true, limit its consideration to the pleadings and exhibits attached, and make all reasonable inferences in favor of Plaintiff, the Court ruled—based on the information before it at that time—that Plaintiff amended his First Administrative Claim by way of Plaintiff's April 5, 2021 correspondence.  Defendant has now attached a copy of its denial letter and other

pieces of correspondence and supporting documents in Defendant's administrative file regarding Plaintiff's claims in this action.[2]

This Court, with the benefit of the denial letter, now finds that Plaintiff did not, and indeed could not have amended his First Administrative Claim because BOP had already denied his claim. "A claimant is free to amend his agency complaint any time during the administrative grievance process; however, he may not do so once the agency has taken final action." *Torjagbo v. United States*, 285 F. App'x 615, 617 (11th Cir. 2008) (interpreting language found in the Department of Justice regulation 28 C.F.R. § 14.2(c)).

Defendant now argues that Plaintiff's action fails because his first Administrative Claim alleges a lack of proper medical treatment for his injuries whereas his lawsuit alleges that the Bureau's negligence in failing to properly maintain the plumbing at FCI Pollock and requiring Plaintiff to clean up sewage barehanded without the protection of gloves caused his injuries. Defendant demonstrates in the various administrative claims filed by Plaintiff that at no point did Plaintiff, despite having the opportunity to do so, amend his First Administrative Claim to indicate that his injuries were caused by Defendant's purported failure to properly maintain plumbing or to provide Plaintiff with gloves to clean up the flooded sewage.

In his response to Defendant's Motion, Plaintiff does not refute the authenticity of the denial letter, or the additional documents submitted in support of the Motion. Moreover, Plaintiff

---

[2] Because Defendant has made a factual attack on the Court's subject matter jurisdiction, as noted above, the Court may consider matters outside the pleading, including affidavits and documents attached thereto. Thus, the Court will review the affidavit of Tamala Robinson, Legal Assistant, Federal Bureau of Prisons, and documents which pertain to Plaintiff's first Administrative Claim.

does not refute Defendant's argument that Plaintiff did not submit an administrative claim for injury arising from Defendant's negligent maintenance of plumbing or failure to provide Plaintiff with adequate supplies to clean sewage in his cell.  Plaintiff may not administratively present a medical malpractice claim and then sue on a completely different theory not presented administratively.  Thus, Defendant's Motion is granted.

Accordingly, it is

**ORDERED** that

1. Defendants' Motion to Dismiss is **GRANTED.**
2. Count II is dismissed with prejudice.
3. This case is CLOSED.

**DONE AND ORDERED** in Fort Lauderdale, Florida, on this 29th day of September 2023.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc Counsel of Record